UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCI WORLDCOM NETWORK
SERVICES, INC., et al.,

    Plaintiffs,

v.                                                      Case No. 8:01-Civ-761-T-24MSS

GALAXY LONG DISTANCE, INC.,
et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Akerman Senterfitt's Motion to Enforce Charging Lien (Doc. No. 185), which Galaxy Long Distance opposes (Doc. No. 190). Akerman Senterfitt filed a reply brief to Galaxy Long Distance's opposition brief (Doc. No. 193).

**I.  Background**

MCI Worldcom Network Services, Inc. ("MCI") filed suit against Galaxy Long Distance, Inc. ("Galaxy") and others in this Court. In response, Galaxy filed a counterclaim against MCI. (Doc. No. 18). The law firm of Akerman Senterfitt ("Akerman") represented Galaxy until March 4, 2002, when this Court granted Akerman's motion to withdraw. (Doc. No. 104). Akerman filed a Notice of Charging Lien on March 18, 2002. (Doc. No. 108).

MCI filed for bankruptcy on July 21, 2002 in the United States Bankruptcy Court for the Southern District of New York. (Doc. No. 173). No further substantive activity occurred in the case before this Court, and all further activity occurred in the bankruptcy court. (Doc. No. 174, 184). Galaxy filed a proof of claim against MCI in the bankruptcy court, and the bankruptcy court directed mediation of Galaxy's proof of claim. The mediation resulted in a settlement of

Galaxy's proof of claim.  On September 28, 2005, the bankruptcy court approved the settlement, which provides that Galaxy will receive MCI stock and cash pursuant to the Amended Restated Plan of Reorganization.

## II.  Motion to Enforce Charging Lien

Akerman moves to enforce its charging lien in this Court.  Specifically, Akerman requests that this Court order MCI and Galaxy to pay Senterfitt from the settlement proceeds. (Doc. No. 185).  Galaxy responds that this motion should have been brought in the bankruptcy court.  Upon consideration, the Court agrees with Galaxy that the motion should be brought in the bankruptcy court.

The Court finds In re Ralph Lauren Womenswear, Inc., 204 B.R. 363, 372-74 (Bankr. S.D.N.Y. 1997), instructive on this issue.  In Ralph Lauren, a creditor's attorney filed a charging lien against the creditor.  See id. at 372.  The court stated that "[t]he bankruptcy court has jurisdiction over the enforcement of this lien because the proceeds of the settlement are from the debtor's estate and because the bankruptcy court has jurisdiction over the original dispute which gave rise to the lien."  Id. (citation omitted).  The court noted that "'[i]n the event of settlement, the attorney's lien attaches to the fund representing the cause of action extinguished by the settlement,'" and "[i]n the bankruptcy setting, an attorney's lien attaches to the fund allocated to the payment of the client's claim."  Id. at 374 (quoting In re Shirley Duke Associates, 611 F.2d 15, 18 (2d Cir. 1979)).

In the instant case, since Akerman's lien would attach to the assets of the bankruptcy estate allocated to the payment of Galaxy's claim, and since Akerman is requesting that the Court order MCI to pay a portion of the settlement proceeds to Akerman rather than Galaxy, the

Court finds that this motion should be handled by the bankruptcy court. Therefore, the Court finds that Akerman should file its motion to enforce the charging lien in the bankruptcy court.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Akerman Senterfitt's Motion to Enforce Charging Lien (Doc. No. 185) is **DENIED WITHOUT PREJUDICE.**

**DONE AND ORDERED** at Tampa, Florida, this 8th day of November, 2005.

SUSAN C. BUCKLEW<br>
United States District Judge

Copies to:
Counsel of Record